UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY EDWARDS,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN J.W. COX, DR. BOYD, DR. PIERCE, FPC YANKTON, BUREAU OF PRISON, (BOP); MRS. ALLEN, MR. MERTENS,<br><br>Defendants. | 4:20-CV-04074-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE |

On June 11, 2020, this Court entered an Order Screening Petition and Addressing Pending Motions, Doc. 11. Among other things, this Court granted Plaintiff Timothy Edwards until July 11, 2020, to proceed with a *Bivens* action, had the Clerk of Court mail to Edwards a civil rights complaint form by which to do so, granted Edwards the requested in forma pauperis status, transferred his compassionate release motion to the district of his sentencing, and explained in the eight-page decision why as a federal inmate he could file a *Bivens* action but not a § 1983 claim. Edwards filed an interlocutory appeal to the Eighth Circuit, Doc. 14, which was promptly denied and dismissed, Doc. 22.

On July 10, 2020, rather than filing a *Bivens* complaint, Edwards filed a motion to appoint counsel, Doc. 20, and a motion to extend time to file a § 1983 action, Doc. 21. This Court denied his motion for counsel because "[a] pro se litigant has no statutory or conditional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1988). This

Court considered the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* This Court concluded that Edwards was able to present the facts of what could be a *Bivens* claim and that if he read the Court's prior decision and looked at the form for filing a complaint, he had guidance on how to proceed with filing a *Bivens* action. This Court then extended the time until August 31, 2020, for Edwards to file a *Bivens* complaint and directed the Clerk of Court to send to Edwards another copy of this Court's prior order, Doc. 11, and the form for filing a federal civil rights complaint.

Edwards' remaining claims are not cognizable under 28 U.S.C. § 2241 or 42 U.S.C. § 1983. Doc. 11. Edwards has not chosen to file a *Bivens* action in this Court, despite having been given opportunities to do so. In fact, the only filings in this case since this Court's August 7, 2020 order are an Order of the Eighth Circuit denying Edwards' request for rehearing en banc, Doc. 24, and the Mandate of the Eighth Circuit, Doc. 25. For good cause, it is hereby

ORDERED that Edwards' § 2241 and § 1983 complaint in this case is dismissed without prejudice to Edwards filing a *Bivens* action.

DATED this 26th day of January, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE